## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Todd

    v.

Gabbin

April 27, 1965

Case No. A-5927

By JUDGE ALEX H. SANDS, JR.

Having reviewed my notes on the evidence taken at trial and having reread the case of *Rawle v. McIlhenny*, 163 Va. 735 (1934), I am convinced that the verdict in this case, which to all intents and purposes is the exact amount of out-of-pocket expenses, falls within class # 4 reviewed on page 749 of *McIlhenny*, is inadequate, should be for this reason set aside, and a new trial ordered.

The only remaining question is whether the new trial so ordered should be upon all issues or limited to the issue of damages. Unless the amount of damages recoverable is not distinctly separable from the matters involved in the issue as to liability, the Court *must* limit the issue to that of damages. *Rawle v. McIlhenny, supra.* In the case at bar it is not conceivable how there could be any connection between the issues of liability and damages. The case, on the contrary, closely approximates that of *Glass v. Pender Grocery Co.*, 174 Va. 196 (1939). While it is true the injuries in the *Glass* case were severe while those in the case at bar are moderate, yet the point is that in *Glass* it was held that an award of $3,000.00 which was some $2,000.00 in excess of actual damages and approximately $1,000.00 in excess of actual estimated damages was inadequate and new trial awarded

limited to the issue of damages. In the case at bar while allowing the medical expenses incident to the injuries sustained in the accident the jury allowed *nothing* for the injury itself.

The verdict will be set aside and a new trial ordered limited to the issue of damages.